IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| VAUGHN AUSTIN VERDI, <br><br> Plaintiff, <br><br> v. <br><br> INVESTIGATOR LUCAS GRANT, INVESTIGATOR RYAN FERGUSON, CAPTAIN PATRICK YOUNG, MAJOR CALVIN CHEW, AND SHERIFF RICHARD ROUNDTREE, <br><br> Defendants. | Civil Action <br> File No. <br><br><br> Jury Trial Demand |

## COMPLAINT

On February 27, 2018, Plaintiff Vaughn Austin Verdi, a pretrial detainee at the Richmond County Jail, was transported to the Criminal Investigations Division ("CID") at the Richmond County Sheriff's Office to be interviewed. Plaintiff's criminal defense attorney was alerted to the meeting and drove immediately to CID to speak with his client, who had been placed in an interrogation room. When defense counsel arrived, he asked Defendant Lucas Grant, a CID investigator, whether his meeting with his client would be monitored or recorded. Investigator Grant assured defense counsel that the meeting would not be recorded or monitored, and Plaintiff and defense

1

counsel had a candid attorney-client visit where they discussed sensitive substantive issues.

Unbeknownst to Plaintiff and defense counsel, the meeting was in fact recorded – both audio and video.  Investigator Grant began recording Plaintiff when he was placed in the interrogation room, before defense counsel arrived, and continued recording until after Plaintiff was taken back to the jail.  The Richmond County Sheriff's Office appears to have a policy that all meetings in interview rooms are to be recorded, including attorney-client visits, but that investigators should turn down the volume (but *not* stop recording) during attorney-client visits.

Defense counsel only became aware of this recording when he received in discovery a CD with a recording of the meeting (a CD which was also provided to Plaintiff's codefendants).  Defense counsel filed a motion with the trial court raising this unconscionable behavior.  The trial court issued a ruling that the recordings were "outrageous abuses of statutory and constitutional law [which] shock the conscious of anyone who has even a modicum of knowledge of the law."[1]

---

[1] The hearing transcript and trial court Order are attached to this Complaint as Exhibits A and B, respectively.

Plaintiff brings the instant action to seek an injunction form this Court, ordering the Richmond County Sheriff to immediately discontinue its practice of recording attorney-client interviews. Plaintiff also seeks damages flowing from the violation of Plaintiff's federal and state law rights and attorney's fees.

## Parties, Jurisdiction, and Venue

1. Plaintiff is a natural person and citizen of the United States of America, residing in Richmond County, Georgia, and is of full age.

2. Defendant Investigator Lucas Grant is an individual who was, at all times relevant to the allegations in this complaint, an employee of the Richmond County Sheriff's Office, acting under color of law.

3. Defendant Investigator Ryan Ferguson is an individual who was, at all times relevant to the allegations in this complaint, an employee of the Richmond County Sheriff's Office, acting under color of law.

4. Defendant Captain Patrick Young is an individual who was, at all times relevant to the allegations in this complaint, an employee of the Richmond County Sheriff's Office, acting under color of law.

5. Defendant Major Calvin Chew is an individual who was, at all times relevant to the allegations in this complaint, an employee of the Richmond County Sheriff's Office, acting under color of law.

6. Defendant Sheriff Richard Roundtree is an individual who was, at all times relevant to the allegations in this complaint, the elected sheriff of Richmond County, acting under color of law.

7. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, as well as the Fourteenth Amendment of the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§1331, 1343, and the aforementioned constitutional and statutory provisions.

8. All of the parties herein are subject to the personal jurisdiction of this Court.

9. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and S.D.L.R. 2.1(b) because the events giving rise to this claim occurred in Richmond County, Georgia, which is situated within the district and divisional boundaries of the Augusta Division of the Southern District of Georgia.

## Facts

10. On February 27, 2018, Plaintiff Vaughn Austin Verdi, a pretrial detainee at the Richmond County Jail, was transported to the Criminal Investigations Division ("CID") at the Richmond County Sheriff's Office to be interviewed.

11. Defendant Lucas Grant, an investigator with Richmond County Sheriff's Office CID who was assigned to Plaintiff's then-pending criminal case, initiated the transport.

12. Investigator Grant also had Plaintiff's codefendant William Krepps transported to CID for an interview.

13. Plaintiff and his codefendant were placed in separate CID interrogation rooms when they arrived at CID.

14. The CID interrogation rooms have audio and video monitoring devices.

15. Plaintiff's criminal defense attorney Robert Homlar was alerted to the meeting by the assistant district attorney handling Plaintiff's criminal case and drove immediately to CID to speak with his client.

16. Mr. Homlar arrived and spoke with Investigator Grant.

17. Mr. Homlar had previously worked for the Richmond County District Attorney's office and was aware that the interrogation rooms have audio and video monitoring.

18. When he arrived, Mr. Homlar asked Investigator Grant whether his meeting with his client would be monitored or recorded.

19. Investigator Grant assured Mr. Homlar that the meeting would not be recorded or monitored.

20. Investigator Grant told Mr. Homlar that the interrogation room would be monitored when Mr. Mr. Homlar was not in the room for policy reasons, but that the room would not be monitored or recorded while Mr. Homlar was in the room speaking with his client.

21. Mr. Homlar then entered the interrogation room and had a candid attorney-client visit where they discussed sensitive substantive issues.

22. Plaintiff and Mr. Homlar did not believe that this meeting was being recorded or live-monitored.

23. Plaintiff and Mr. Homlar had several of these candid attorney-client visits over the course of the morning.

24. Mr. Homlar would meet with his client in the interrogation room, leave the room to talk with investigators, and return to the room to speak with Plaintiff.

25. Unbeknownst to Plaintiff and defense counsel, these meetings were in fact recorded – both audio and video.

26. Investigator Grant began recording Plaintiff around the time that Plaintiff was placed in the interrogation room, before Mr. Homlar arrived.

27.     Investigator Grant continued recording the interrogation room until Plaintiff was removed from the room and taken back to the jail.

28.     Codefendant Krepps also met with his attorney in a recorded interrogation room.

29.     When Krepps's attorney arrived at CID, she also asked Investigator Grant whether her attorney-client meeting would be recorded.

30.     Investigator Grant told Krepps's attorney that the meeting would not be recorded.

31.     Krepps's attorney heard Investigator Grant say, "cut the audio" as she was entering the interview room to speak with Krepps.

32.     Krepps's attorney then had a candid attorney-client meeting which she did not believe was being audio recorded (she believed it may have been video recorded).

33.     At one point that morning, Mr. Homlar was in Defendant Ryan Ferguson's office.  Defendant Ferguson is an investigator with CID.

34.     On April 24 and July 12, 2018, the district attorney's office provided Mr. Homlar with criminal discovery, which included approximately 107 CD's.

35. On or about September 11, 2018, Mr. Homler was working his way through the 107 CD's of discovery when he discovered that one of the CD's contained his February 27 attorney-client visit with Plaintiff.

36. The recording of the February 27 attorney-client visit contained both audio and video – the meeting was entirely recorded and the contents of the communication were clearly audible on the recording.

37. Another of the 107 CD's provided to Mr. Homlar included codefendant Krepps's attorney-client visit, which was also audio and video recorded and the contents of the communication were clearly audible on the recording.

38. Mr. Homler filed a motion with the Richmond County Superior Court, bringing this illegal recording to the attention of the court.

39. A transcript of the hearing on that motion is attached hereto as Exhibit A.

40. At a hearing on the motion, Investigator Ferguson testified that the Richmond County Sheriff's Office has a policy that if a person is in an interrogation room, the session is recorded and investigators should be live-monitoring the recording on their respective computers.

41. Investigator Ferguson testified that, if the person's attorney entered the interrogation room, the investigators would lower the

volume on the laptop while the attorney was in the room but turn the volume back up after the attorney left.

42. This act of turning down the volume on the laptop would not impact the volume on the recording – the recording still contained full audio.

43. Investigator Ferguson testified that the recording would not be paused or terminated during the attorney-client meeting, only the volume on the live-monitoring would be turned down.

44. Investigator Ferguson testified that Captain Patrick Young, a Defendant here, was present on February 27 and checked the investigators to be sure that the volume was turned down during the attorney-client visits.

45. In other words, Captain Young was involved in implementing the policy of recording attorney-client visits.

46. Investigator Grant also testified that it is the policy of the Richmond County Sheriff's Office to record everything that occurs in the interrogation rooms, including attorney-client visits.

47. The recordings of Plaintiff's attorney-client visit and codefendant Krepps's attorney-client visit were distributed to all codefendants in discovery.

48. After the hearing on Plaintiff's motion, the Richmond County Superior Court judge ruled that the attorney-client recordings were "outrageous abuses of statutory and constitutional law [which] shock the conscious of anyone who has even a modicum of knowledge of the law."

49. The Richmond County Superior Court judge ruled that the recording violated Georgia's wiretapping statute, O.C.G.A. § 16-11-62, which is a felony offense, and suppressed the recordings as well as any evidence which may be uncovered and which arguably could have been related to the illegal recording of attorney-client conferences.

50. A copy of the court's Order is attached hereto as Exhibit B.

51. Plaintiff brings the instant action to seek an injunction from this Court, ordering the Richmond County Sheriff to immediately discontinue its practice of recording attorney-client interviews. Plaintiff also seeks damages flowing from Plaintiff's constitutional violation and attorney's fees.

## COUNT I
## Section 1983 – Illegal Search

52. The preceding paragraphs are incorporated herein by reference as though fully set forth.

53. Investigator Grant, Investigator Ferguson, and Captain Young were directly involved in recording Plaintiff's attorney-client meetings on February 27, 2018.

54. The recording of Plaintiff's attorney-client meetings was a violation of Plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures, as well as his First Amendment right to free speech, his Sixth Amendment right to counsel, and his Fourteenth Amendment right to due process.

55. Investigator Grant, Investigator Ferguson, and Captain Young were directly involved in implementing the policy of the Richmond County Sheriff's Office to record attorney-client meetings at CID.

56. Captain Young, at all times relevant hereto, oversees day-to-day operations at CID.

57. Major Calvin Chew, at all times relevant hereto, is a CID commander.

58. Sheriff Richard Roundtree, at all times relevant hereto, is the duly elected Sheriff who commands the Richmond County Sheriff's Office.

59. Defendants Captain Patrick Young, Major Calvin Chew, and Sheriff Richard Roundtree were directly involved in adopting and enforcing the policy of recording attorney-client meetings at CID.

60. Defendants Captain Patrick Young, Major Calvin Chew, and Sheriff Richard Roundtree are therefore subject to supervisory liability for their roles as supervisors in adopting and enforcing the policy of recording attorney-client meetings at CID.

61. The individual plaintiffs are not protected by qualified immunity because it is clearly established by binding 11th Circuit precedent[2] as well as Georgia Statute[3] that the recording of an attorney-client meeting is illegal, even when done in a CID interrogation room.

## COUNT II
## Violation of Federal Wiretap Act

62. The preceding paragraphs are incorporated herein by reference as though fully set forth.

63. Defendants intentionally intercepted, endeavored to intercept, or procured others to intercept Plaintiff's oral communications in violation of 18 U.S.C. §2511(1)(a).

---

[2] See, e.g. Gennusa v. Canova, 748 F.3d 1103 (11th Cir. 2014) (holding that various members of county sheriff's office violated a detainee's Fourth Amendment rights by intercepting his privileged conversations with his attorney in an interview room).
[3] See O.C.G.A. § § 16-11-62(2)(A).

12

64. Plaintiff is entitled to relief for Defendants' violation of 18 U.S.C. §2511(1)(a) under 18 U.S.C. §2520.

## COUNT III
### State Law – Invasion of Privacy

65. The preceding paragraphs are incorporated herein by reference as though fully set forth.

66. The recording of Plaintiff's attorney-client meetings was also an invasion of Plaintiff's privacy rights under state law.

67. The recording of Plaintiff's attorney-client meetings was "an unreasonable and highly offensive intrusion upon [plaintiff's] seclusion." Anderson v. Mergenhagen, 283 Ga. App. 546 (2007).

68. The recording of Plaintiff's attorney-client meeting was also a felony, punishable by up to five years in jail. See O.C.G.A. § § 16-11-62(2)(A).

69. All Defendants are responsible for the state law invasion of privacy.

### **Prayer For Relief**

WHEREFORE, Plaintiff prays that this Court issue the following relief:

1) That process issue in accordance with the law;

2) That the Court issue an order permanently enjoining the Richmond County Sheriff and any employees of the Richmond County Sheriff, including all Defendants here, from audio and/or video recording confidential attorney-client meetings and/or communications. Plaintiffs request this this injunction require that the Richmond County Sheriff provide adequate means for arrestees, detainees, and/or inmates to have confidential communications with their attorneys and/or their attorneys' employees (e.g. paralegals, assistants, and investigators) free from government surveillance.

3) That the Court award Plaintiff compensatory and general damages in an amount to be determined by the jury against the Defendants, jointly and severally;

4) That the Court award Plaintiff punitive damages in an amount to be determined by the enlightened conscience of the jury against the Defendants;

5) That the Court award costs of this action, including attorneys' fees, to Plaintiff, pursuant to 42 U.S.C. § 1988, 18 USC § 2520, and other applicable laws regarding such awards;

6) That the Court award Plaintiff such other and further relief as it deems just and necessary; and

7) That Plaintiff be granted a trial by jury.

This 27th Day of February, 2020

**ESHMAN BEGNAUD, LLC**

/s/ Mark Begnaud
Mark Begnaud
Georgia Bar No. 217641
mbegnaud@eshmanbegnaud.com
Michael J. Eshman
Georgia Bar No. 365497
meshman@eshmanbegnaud.com

315 W. Ponce De Leon Ave
Suite 775
Decatur, GA 30030